# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **Marcus Lewis,** ) | | |
| Plaintiff, ) | Case No: 14 C 6707 | |
| ) | | |
| v. ) | | |
| ) | **Judge Ronald A. Guzmán** | |
| **Patrick R. Donahue, Postmaster General,** ) | | |
| Defendant. ) | | |
| ) | | |

## MEMORANDUM OPINION AND ORDER

For the reasons stated below, Defendant's motion to dismiss [21] is granted. Civil case terminated.

## STATEMENT

Marcus Lewis, a postal worker, filed a complaint alleging that he was terminated in retaliation for filing a complaint with the Postal Service's Equal Employment Opportunity ("EEO") office regarding a ten-year "9/11" ceremony at work, which apparently included prayer. According to Lewis, on November 27, 2012, he received a communication from the EEO office acknowledging his claim and scheduling discovery and a hearing. Defendant, through Lewis's plant manager, allegedly retaliated by sending Lewis a letter dated December 4, 2012 indicating that management was aware that Lewis was seeking to be placed on the ballot to run for Congress and that such action violated the Hatch Act.[1] Lewis further alleges that Defendant had knowledge of his EEO charge when it fired him via a third party, the Office of Special Counsel ("OSC"), on May 16, 2014.

Defendant moves to dismiss on the ground that the letter regarding possible violation of the Hatch Act was not an adverse employment action and the claim related to his termination was already litigated through the Merit Systems Protection Board ("MSPB").

While Lewis attached to his complaint only a denial of his motion for reconsideration before the Equal Opportunity Employment Commission ("EEOC"),[2] Defendant has attached to his motion to dismiss copies of several documents from the EEOC, the OSC, the MSPB, and the Court of Appeals for the Federal Circuit. The Court is permitted on a motion to dismiss for failure to state a claim to take judicial notice of public documents, court filings and documents that are central to

---

[1] The Hatch Act precludes certain federal employees from becoming candidates for public office in partisan political elections. *See* 5 U.S.C. § 7323(a).

[2] Lewis timely filed the instant complaint exactly 90 days after the EEOC's denial of the motion for reconsideration.

Lewis's complaint. *Window World of Chicagoland, LLC v. Window World, Inc.*, No. 13 C 4624, 2015 WL 2193752, at *1 (N.D. Ill. May 7, 2015) ("Rule 12(b)(6) limits this Court's consideration to 'allegations set forth in the complaint itself, documents that are attached to the complaint, documents that are central to the complaint and are referred to in it, and information that is properly subject to judicial notice.'") (citation omitted).

As to the December 4, 2012 letter, Defendant asserts that it did not constitute an adverse employment action, and therefore it is not actionable under Title VII. An adverse employment action must be materially adverse, not merely an inconvenience or a change in job responsibilities. *Hilt–Dyson v. City of Chi.*, 282 F.3d 456, 465 (7th Cir. 2002). An adverse employment action is one that significantly alters the terms and conditions of the employee's job. *Stutler v. Ill. Dep't of Corr.*, 263 F.3d 698, 703 (7th Cir. 2001). A written warning, however, does not constitute an adverse action. *See Griffin v. Potter*, 356 F.3d 824, 829 (7th Cir. 2004). Therefore, to the extent that Lewis contends that the December 4, 2012 letter supports a claim for retaliation, the motion to dismiss this claim is granted.

Further, Defendant's motion to dismiss is granted to the extent that Lewis claims he was improperly terminated for a Hatch Act violation. Lewis's challenge to his May 2014 termination based on a Hatch Act violation was fully litigated before the MSPB and appealed to the United States Court of Appeals for the Federal Circuit, *see* 5 U.S.C. § 7703, which upheld the MSPB's decision that Lewis's violation of the Hatch Act for running as a candidate for Congress warranted removal. *See Lewis v. MSPB*, 115 FMSR 32 (Dec. 4, 2014); (Gov't's Mem. Supp. Mot. Dismiss, Dkt. # 22, Ex. H.) As to prior judgments by a federal court, res judicata has three elements: "(1) an identity of the parties or their privies in the first and second lawsuits; (2) an identity of the cause of action; and (3) a final judgment on the merits in the first suit." *Adams v. City of Indianapolis*, 742 F.3d 720, 736 (7th Cir. 2014). Here, the decision of the Court of Appeals for the Federal Circuit addressing Lewis's dismissal is res judicata as to any claim that Lewis' dismissal for violating the Hatch Act was improper.

Lewis's complaint, however, also alleges that he was terminated, at least in part, in retaliation for having filed an EEO complaint with the Postal Service. Lewis, however, fails to indicate that he has exhausted his administrative remedies with respect to this claim. Title VII requires a plaintiff to present his Title VII claims to the EEOC before filing a federal lawsuit. 42 U.S.C. § 2000e–5(f)(1); *Gorence v. Eagle Food Ctrs, Inc.*, 242 F.3d 759, 763 (7th Cir. 2001). Because Lewis did not exhaust his administrative remedies with respect to his claim that he was terminated for having filed an EEO complaint with the Postal Service, this claim is dismissed.

For the reasons stated above, Defendant's motion to dismiss is granted. Civil case terminated.

**Date**: June 18, 2015

_____
**Ronald A. Guzmán**
**United States District Judge**